UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00584-FDW-DSC

| | |
|---|---|
| LEGACY DATA ACCESS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MEDIQUANT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Legacy Data Access' ("Plaintiff") Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Defendant's Motion to Dismiss. (Doc. No. 8). For the reasons explained below, Plaintiff's Motion is **DENIED**. Plaintiff is further directed to file its Response to Defendant's Motion no later than **February 19, 2016**.

## I. LEGAL STANDARD

A party invoking federal jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence … . [W]hen, as here, the court addressees the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff,

> assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676 (internal citations omitted). "Mere allegations of *in personam* jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F. Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422, at *1 (W.D.N.C. Dec. 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant … factual conflicts must be resolved in favor of the party asserting jurisdiction … ." Id.

## II. DISCUSSION

It is well settled that, "District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure." Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 64 (4th Cir. 2003). While it is true that a lack of obvious frivolity is a prerequisite for the granting of jurisdictional discovery, it is not the sole consideration. Typically, the Court employs this tool only where some factual dispute directly implicates the Court's ability—or inability—to exercise personal jurisdiction over the parties. Further, the Court considers whether the movant's proposed course of action presents a likelihood of discovering information necessary to the resolution of the jurisdictional dispute that outweighs the unavoidable delay and expense of such a pursuit. The Court has reviewed the pleadings and submissions of counsel and finds that this is not the situation before it.

Here, Plaintiff argues that the Court should permit limited jurisdictional discovery so that "Plaintiff may clarify Defendant's admitted contacts with North Carolina and explore its theories of personal jurisdiction." (Doc. No. 10, p. 5). With respect to Defendant's admitted contacts with

North Carolina, Plaintiff argues that jurisdictional discovery would aid in establishing the extent, if any, to which Defendant has submitted Requests for Proposals to existing and prospective clients in North Carolina. Plaintiff cites the proposition that "[e]ven a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact . . ." ((Doc. No. 10, p. 6) quoting Carefirst of Md. v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 396 (4th Cir. 2003)).

However, the causes of action Plaintiff sets forth in its complaint all involve Defendant's alleged solicitation of Plaintiff's employees—specifically, one Jesse Rowland—for the ostensible purpose of unlawfully procuring Plaintiff's trade secrets and other proprietary information. (Doc. No. 1, pp. 8-12). Plaintiff has not alleged that any transfer of its confidential information to Defendant occurred in North Carolina. Rather, all Defendant's conduct to which Plaintiff points in support of its allegations appears to have occurred in either Georgia or Ohio.

Hence, Plaintiff's first stated justification for limited jurisdictional discovery does not appear to further the inquiry into whether Defendant is subject to specific personal jurisdiction in North Carolina. Nor do the facts alleged support a likelihood that limited discovery into these contacts would support the exercise of North Carolina's general personal jurisdiction over Defendant. Accordingly, permitting discovery into these contacts would be of limited, if any, assistance to the Court's jurisdictional inquiry.

Plaintiff's second justification for jurisdictional discovery—i.e. "explor[ing] its theories of personal jurisdiction"—is also unpersuasive. Where, as here, there appears to be clear jurisdiction in at least one other district, Plaintiff should have anticipated Defendant's jurisdictional challenge when contemplating the appropriate forum in which to bring this suit. Plaintiff now requests that it be allowed to serve ten (10) interrogatories, ten (10) requests for production of documents, and conduct one Rule 30(b)(6) deposition of Defendant to allow it to respond to Defendant's highly

3

foreseeable Rule 12(b)(2) Motion. Plaintiff's request is tantamount to full-on discovery. Essentially, Plaintiff invites the Court to go on a fishing expedition in hopes of solidifying some theory of personal jurisdiction. The Court declines this invitation. Presumably, Plaintiff was already possessed of some theory of the Western District of North Carolina's personal jurisdiction over Defendant when it elected to bring its suit here as opposed to another, apparently clearly available, district. If it was not, jurisdictional discovery is an inappropriate mechanism to now use to concoct one.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Defendant's Motion to Dismiss (Doc. No. 8) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including February 19, 2016, in which to Respond to Defendant's Motion to Dismiss.

**IT IS SO ORDERED**.

Signed: February 17, 2016

Frank D. Whitney
Chief United States District Judge