UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00584-FDW-DSC

| | |
|---|---|
| LEGACY DATA ACCESS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MEDIQUANT, INC., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court pursuant to Defendant MediQuant, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. No. 6). In the interests of justice, judicial economy, and as further explained below, Defendant's Motion is DENIED WITHOUT PREJUDICE. However, Defendant may re-raise the issue of personal jurisdiction at summary judgment in the event the Court's personal jurisdiction over Defendant is still in dispute following discovery.

## I. LEGAL STANDARD

Plaintiff Legacy Data Access, LLC, ultimately bears the burden of proving personal jurisdiction by a preponderance of the evidence. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Where a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Id. Under those circumstances, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. In cases where the defendant

1

provides evidence that denies the facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant presented evidence. Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 716–17 (E.D.Va. July 13, 2011); Indus. Carbon Corp. v. Equity Auto & Equip. Leasing Corp., 737 F.Supp. 925, 926 (W.D.Va. 1990). If the existence of jurisdiction turns on disputed factual questions, a court may resolve the challenge on the basis of an evidentiary hearing, or when a prima facie demonstration of personal jurisdiction has been made, it can proceed "as if it has personal jurisdiction over this matter, although factual determinations to the contrary may be made at trial." Pinpoint IT, 812 F. Supp. 2d at 717 (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.31 (3d ed. 2011)); Combs, 886 F.2d at 676. Regardless, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n. 5 (4th Cir. 2005).

The court engages in a two-part inquiry when determining whether its exercise of personal jurisdiction over a given defendant is proper. The first, or statutory, part requires that the assertion of personal jurisdiction have a basis under North Carolina's long-arm statute. The second, or constitutional, part requires that the exercise of personal jurisdiction comply with due process. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). As the parties note, courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend

2

"traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Jurisdiction over a defendant may be either general or specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). Whereas a court may exercise general personal jurisdiction over defendants who have "continuous and systematic" contacts with the forum state regardless of where the relevant conduct occurs, specific personal jurisdiction "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). A court may exercise specific jurisdiction when the cause of action "arises out of the defendant's contacts with the forum." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005). The determination of whether jurisdiction is appropriate depends on the facts and circumstances of each case. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478–79, 485–86 (1985).

While the Fourth Circuit has not yet spoken on the precise question of whether the Court must have specific personal jurisdiction over each claim, there is a clear trend amongst the districts of this circuit that specific personal jurisdiction must be established for each claim alleged—i.e. that specific jurisdiction is a claim specific inquiry. See Pan-American Products & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 678 (M.D.N.C. 2011); N.C. Mut. Life Ins. Co. v. McKinley Fin. Serv., Inc., 386 F. Supp. 2d 648, 656 (M.D.N.C. 2005) (citing Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004)); Thimbler, Inc. v. Unique Design, Ltd., 2013 WL 4854514 *7 n.4 (E.D.N.C. Sept. 11, 2013); Gatekeeper, Inc. v. Stratech Systems, Ltd., 718 F. Supp. 2d 664, 665 (E.D.Va. 2010); see also 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.7 (3d ed. 2002) ("Federal Practice and Procedure"). A court, however, may

exercise "pendent personal jurisdiction" over any claim that arises out of a common nucleus of operative facts as the claim over which the court has personal jurisdiction. McKinley Fin., 386 F. Supp. 2d at 656.

## II.      DISCUSSION

Plaintiff brings four claims against Defendant: (1) Tortious Interference with Contract; (2) Tortious Interference with Prospective Economic Advantage; (3) Unfair and Deceptive Trade Practices; and (4) Misappropriation of Trade Secrets. (Doc. No. 1). Plaintiff asserts that the Court's exercise of personal jurisdiction over Defendant to adjudicate these claims has been established in three separate ways. First, Plaintiff's claims relate to electronic activity that Defendant has intentionally directed towards North Carolina. (Doc. No. 12). Second, Defendant's conduct allegedly constituting tortious interference with prospective economic advantage and unfair and deceptive trade practices occurred, at least in part, in North Carolina and the injury therefrom was suffered in North Carolina. Id. Third, Defendant knew that Plaintiff's former employee—Jesse Rowland—had executed restrictive employment covenants with Plaintiff and appreciated the risk of being sued when Defendant hired him. Id.

Defendant counters that it lacks the extensive, continuous, and systematic contacts with North Carolina that general jurisdiction requires. (Doc. No. 7). Defendant argues that specific jurisdiction is also lacking because the alleged wrongdoing of which Plaintiff complains occurred in forums other than North Carolina and, further, that Plaintiff's allegations fail to meet the requirements of the "Calder effects" test. Id. In support, Defendant offers the affidavit of MediQuant's President, Anthony Paparella. (Doc. No. 6-1). Mr. Paparella declares, *inter alia*, that Defendant owns no assets or property in North Carolina, has no employees who live or work in North Carolina, and does not target North Carolina companies with its marketing. Id.

4

The issue now before the Court is a close call. However, Plaintiff's factual allegations are marginally sufficient to satisfy its jurisdictional burden at this early stage. Moreover, Defendant admits that it currently services four North Carolina clients—at least one of which was acquired through a "Request For Proposal" ("RFP") after Mr. Rowland began his employment with Defendant. Last, and perhaps most importantly, Plaintiff has alleged that Defendant's submission of RFPs that utilize confidential information unlawfully procured from Plaintiff to North Carolina companies is ongoing.

The court must construe Plaintiff's allegations in the light most favorable to Plaintiff, assume their credibility, and draw the most favorable inferences for the existence of jurisdiction. Plaintiff need only "make a prima facie showing of a sufficient jurisdictional basis" at this stage of the litigation. The Court finds that Plaintiff has minimally satisfied its burden. Given that Plaintiff has made the requisite prima facie demonstration of personal jurisdiction, the Court can proceed "as if it has personal jurisdiction over this matter, although factual determinations to the contrary may be made" at a later stage of this proceeding. Pinpoint IT, 812 F. Supp. 2d at 717.

### III.     ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED WITHOUT PREJUDICE. Defendant shall retain the right to re-raise its jurisdictional challenges at summary judgment should discovery reveal that the Court does not, in fact, have personal jurisdiction.

**IT IS SO ORDERED**.

Signed: February 25, 2016

Frank D. Whitney
Chief United States District Judge