# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## DOCKET NO. 3:15-cv-00584-FDW-DSC

| | |
|---|---|
| LEGACY DATA ACCESS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MEDIQUANT, INC., | ) |
| Defendant. | ) |

THIS MATTER is before the Court following a hearing held on March 9, 2017, to resolve issues regarding an examination of third party Jesse Rowland's personal computer. Pursuant to an order from the Northern District of Georgia, a neutral examiner imaged Rowland's privately-owned computer ("Rowland's Computer") and performed a limited number of keyword searches based on information contained on an SD Card that Rowland took with him after he left his employment with Plaintiff. The neutral examiner's report indicates that of the ten search terms queried, there were relevant and non-privileged hits regarding three terms. In short, Plaintiff contended those files contain proprietary information and that Rowland accessed or deleted certain files after Plaintiff served a subpoena to him on January 6, 2017. Plaintiff sought to renew its Motion to Voluntarily Dismiss Without Prejudice (Doc. No. 74) or, in the alternative, requested a continuance to allow further investigation into Rowland's Computer.

At the conclusion of the hearing, the Court denied Plaintiff's Motion to Voluntarily Dismiss Without Prejudice but continued the case to July 10, 2017. The Court also ordered the parties to submit a proposal for the scope of and procedure for further examination of Rowland's

Computer. After considering both parties' proposals (Doc. Nos. 77, 78), the Court will allow additional examination of Rowland's Computer as follows:

1. <u>Scope of Discovery</u>:

    a. Plaintiff may conduct an expert examination of Rowland's Computer to examine information relating to Legacy Data Access ("LDA") files that Rowland saved on the SD Card and had in his possession after he left LDA;

    b. If the examiner determines that those LDA files were transferred from Rowland's Computer to other persons or devices, Plaintiff may conduct an expert examination of those devices; and

    c. Plaintiff may conduct up to eight (8) hours of depositions related to this additional discovery. These eight hours include depositions of any experts.

2. <u>Schedule</u>: Assuming Rowland consents to releasing a copy of the neutral examiner's forensic image of Rowland's Computer by March 28, 2017, Plaintiff's proposed expert, Clark Walton, along with a representative selected by Defendant, shall perform the additional examination and analysis pursuant to the following schedule[1]:

    a. Walton and Defendant's representative are each permitted to take possession of a copy of the forensic image (E01 or Ex01 format) of Rowland's Computer;

    b. The neutral examiner, Greg Freemyer, shall retain the original image of Rowland's Computer that he made in his capacity as a neutral examiner;

---

[1] If Rowland does not consent to releasing a copy of the forensic image of his computer to Plaintiff and Defendant, Plaintiff has indicated it will pursue a motion to compel in the United States District Court for the Northern District of Georgia. If that occurs, and if necessary, the parties may consent to amend this schedule provided, however, that the additional discovery is completed no later than seven (7) calendar days prior to the scheduled trial term <u>and</u> a joint stipulation memorializing the amended schedule is filed on the record. If the parties are unable to reach an agreement as to an amended schedule, each party shall file a proposed amended schedule not to exceed 500 words.

c. Plaintiff shall produce its proposed expert report to Defendant by April 21, 2017;

d. Defendant is entitled to depose Plaintiff's proposed expert on or before May 12, 2017;

e. Defendant is entitled to serve a proposed rebuttal expert report to Plaintiff by May 26, 2017; and

f. Plaintiff is entitled to depose Defendant's proposed expert on or before June 16, 2017.

3. Procedure: The examiner(s) may review the image of Rowland's Computer and additional devices, if any, to which LDA files were transferred from Rowland's Computer, as follows:

   a. For basic information regarding the device, including but not limited to computer type, size of hard drive, acquisition and verification hash values, operating system, user profiles on the device, and access history of user profiles;

   b. To determine if any information related to LDA files and the SD Card was transferred from Rowland's Computer to any other person or device;

   c. For evidence of any activity on or around any date(s) of activity that are relevant to this matter, including those now known or later discovered during examination, such as dates that potential relevant files were created, accessed, and modified, dates that USBs were or may have been plugged into the device, dates that certain files or folders were browsed, and dates that files were or may have been deleted. This also includes searches for evidence of possible destruction of data or attempts to destroy data;

d. To search for files contained on the SD Card or any remnant thereof. This will require "indexing" all text on the hard drive image for searching, including both active files and unallocated space; and

e. To perform a full USB analysis to determine what external devices were connected to the computer on or around dates of activity related to this matter, including January 27, 2015, February 4, 2015, February 6, 2015, and January 9, 2017. This analysis includes generating a "Files Seen From USB" report, which will disclose what files were accessed from external devices.

4. Privileged Material: The examiners will perform a search for the names of all counsel that have represented Rowland, including Michael Rosenthal and S. Bradley Shipe, to flag potentially privileged items. The examiners will not provide any document showing communication between Rowland and Mr. Rosenthal or Mr. Shipe to Plaintiff or Defendant, but will instead provide that information directly to Mr. Shipe. Mr. Shipe shall determine whether the document is privileged within five (5) days of receiving it. If the document is not privileged, Mr. Shipe shall send the document to Plaintiff and Defendant.

5. Privacy:

   a. The examiners, Plaintiff, and Defendant shall treat the image of Rowland's Computer as Attorneys' Eyes Only under the stipulated protective order entered in this action. Plaintiff, however, does not need to keep any information related to LDA files as Attorneys' Eyes Only.

   b. Upon completion of the matter, the examiners shall destroy all image(s) or excerpted data from any device examined and shall sign a certification to that effect.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Voluntarily Dismiss Without Prejudice (Doc. No. 74) is DENIED; and

2. The case is continued to July 10, 2017, to allow for additional discovery as set forth above.

IT IS SO ORDERED.

Signed: March 14, 2017

Frank D. Whitney
Chief United States District Judge