UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-mc-00069-FDW-DSC

| | |
|---|---|
| LEGACY DATA ACCESS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MEDIQUANT, INC., | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Plaintiff's Motion to Reopen Case and for Further Forensic Examination (Doc. No. 12). Plaintiff originally filed this motion in the Northern District of Georgia, and that Court transferred the motion to the Western District of North Carolina pursuant to Fed. R. Civ. P. 45(f). (Doc. No. 16). This Court has reviewed all the filings and, for the reasons that follow, GRANTS Plaintiff's motion.

**BACKGROUND**

This case arises out of a case filed in the Western District of North Carolina between Plaintiff and Defendant. See Legacy Data Access, LLC v. Mediquant, Inc., Case No. 3:15-cv-584-FDW-DSC ("North Carolina Case"). In the North Carolina Case, Plaintiff alleges that Defendant hired non-party William J. Rowland ("Rowland"), a former employee of Plaintiff, in violation of Rowland's non-competition agreement and that Defendant misappropriated Plaintiff's trade secrets through Rowland.

On January 6, 2017, Plaintiff served a subpoena upon Rowland, a Georgia resident, requesting production and inspection of his personal computer. Rowland objected to the subpoena, and Plaintiff filed an emergency motion to compel compliance with the subpoena in the Northern

District of Georgia. After several days of court-directed negotiations, the parties agreed to a protocol in which the Georgia court permitted Plaintiff to search Rowland's devices using a short list of ten search terms. (Doc. Nos. 10, 11). Pursuant to that protocol, a neutral forensic examiner imaged Rowland's computer and conducted an examination. The neutral examiner's report indicates that of the ten search terms queried, there were relevant and non-privileged hits regarding three terms. Thereafter, Plaintiff requested that this Court continue the trial in the North Carolina Case to allow further investigation into Rowland's computer.

Following a status hearing in March regarding the North Carolina Case during which this Court heard argument from Plaintiff and Defendant, this Court entered an order on March 14, 2017, continuing the trial to July 10, 2017, and allowing additional examination of Rowland's computer. (Legacy Data Access, LLC v. Mediquant, Inc., Case No. 3:15-cv-584-FDW-DSC, Doc. No. 79). Rowland, however, did not consent to releasing a copy of the neutral examiner's forensic image of his computer.

As a result, Plaintiff filed the instant motion in the Northern District of Georgia (Doc. No. 12) requesting that the Georgia court modify its previous order limiting the scope of evaluation of Rowland's computer to permit further examination in compliance with this Court's March 14, 2017, Order in the North Carolina Case. Rowland filed a response in opposition to the motion, arguing that further discovery is not warranted and that this Court did not consider his privacy concerns when it issued the March 14, 2017, Order. (Doc. No. 13). Plaintiff filed a reply. (Doc. No. 14).

On May 16, 2017, the Northern District of Georgia transferred the motion to the Western District of North Carolina pursuant to Fed. R. Civ. P. 45(f), which authorizes a court to transfer a subpoena-related motion to the issuing court in "exceptional circumstances." (Doc. No. 16).

Accordingly, this Court now has jurisdiction to decide it.  See e.g., United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016).

## DISCUSSION

This Court views Plaintiff's instant motion as a motion to compel enforcement of this Court's March 14, 2017, Order in the North Carolina Case.  To some extent, Rowland's response brief essentially seeks reconsideration of this Court's Order.  In issuing the Order in the North Carolina Case, however, this Court considered and rejected most of Rowland's arguments that a more in-depth examination would not yield relevant evidence.  Moreover, even though Rowland was not present at the March status conference in the North Carolina Case, the Court fully considered and balanced his privacy interests, resulting in an order that not only discusses the scope of permissible discovery and how to handle privileged information, but further requires the parties to treat the image of Rowland's computer as "Attorney's Eyes Only."  (Legacy Data Access, LLC v. Mediquant, Inc., Case No. 3:15-cv-584-FDW-DSC, Doc. No. 79).

To the extent that Rowland's instant arguments seek to have this Court amend or reconsider its March 14, 2017, Order, the Court declines to do so.  Instead, the Court grants Plaintiff's motion to the extent it seeks to enforce this Court's March 14, 2017, Order, and the Court compels Rowland to release a copy of the neutral examiner's forensic image of his computer to Plaintiff and Defendant **by 5 p.m. on Friday, May 19, 2017**.[1]  Any additional forensic evaluation shall be conducted pursuant to and in compliance with this Court's March 14, 2017, Order in the North Carolina Case.  Rowland is further cautioned that failure to comply with this Order could result in

---

[1] The Court finds that modification of the Georgia court's previous order and protocol for searching Rowland's computer is unnecessary.  As a result of that order, a neutral examiner discovered relevant and non-privileged hits regarding three search terms, which led this Court to allow further examination of the computer.  Accordingly, modification is not the proper remedy.

this Court holding him in contempt.  See Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

The Court notes that in reaching its decision in this matter, it reviewed all the filings in this case from the Northern District of Georgia, including Rowland's brief in opposition to Plaintiff's motion, as well as the filings and arguments in the North Carolina Case.  In addition, as previously stated, although Rowland was not present at this Court's March status conference in the North Carolina Case, the Court carefully and thoroughly considered his privacy concerns before ordering further forensic evaluation of his computer.  Therefore, the Court is satisfied that Rowland has been afforded due process in this matter.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Reopen Case and for Further Forensic Examination (Doc. No. 12), which this Court construes as a motion to compel compliance with this Court's March 14, 2017, Order, is GRANTED.  The Court COMPELS Rowland to release a copy of the neutral examiner's forensic image of his computer to Plaintiff and Defendant **by 5 p.m. on Friday, May 19, 2017**, and any additional forensic evaluation shall be conducted pursuant to and in compliance with this Court's March 14, 2017, Order.  **<u>Rowland is further cautioned that failure to comply with this Order could result in this Court holding him in contempt pursuant to Fed. R. Civ. P. 45(g).</u>**

IT IS FURTHER ORDERED that counsel for Plaintiff shall electronically serve this Order on all counsel of record in the Northern District of Georgia case, including Rowland's counsel, **by 5 p.m. on Thursday, May 18, 2017.**

The Clerk's Office is respectfully directed to file a copy of this Order in the related case in the Western District of North Carolina: <u>Legacy Data Access, LLC v. Mediquant, Inc.</u>, Case No. 3:15-cv-584-FDW-DSC.

IT IS SO ORDERED.

Signed: May 17, 2017

Frank D. Whitney
Chief United States District Judge