UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-mc-00069-FDW-DSC

| | |
|---|---|
| LEGACY DATA ACCESS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MEDIQUANT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on non-party William J. Rowland's Amended Motion to Reconsider this Court's May 17, 2017, Order. (Doc. No. 20). For the reasons that follow, the Court GRANTS Rowland's motion to reconsider and, upon reconsideration, ORDERS Rowland to release a copy of the neutral examiner's forensic image of his computer **by the end of the day today, May 22, 2017**.

Rowland first argues that this Court did not have jurisdiction to order him to release the image of his computer because the Northern District of Georgia did not reopen its case prior to transferring it to the Western District of North Carolina and because Rule 45(f) does not allow transfer of the motion that was at issue. In transferring the case to this district, the Georgia court effectively reopened the case; it is inconsequential that the court did not expressly state that it reopened the case prior to transferring it. On the last page of the Georgia court's transfer order, the court directed the clerk of court "to close this case." (Doc. No. 16). It is only logical that in order to close a case, the case must first have been opened or, in this case, reopened. Moreover, the Georgia court cited ample case law supporting the transfer of the motion to this Court. (Doc. No. 16, pp. 6-8). Accordingly, this Court had jurisdiction to enter its May 17, 2017, Order.

Rowland next argues that because he was not present at this Court's hearing in March, this Court did not adequately consider his privacy rights in ordering him to release the image of his computer. In entering its March 14, 2017, Order, however, which set the scope and parameters of the additional forensic evaluation of Rowland's computer, this Court considered Rowland's privacy interests even though Rowland was not present. Even more significant, in entering its May 17, 2017, Order, which ordered Rowland to release the image of his computer, this Court considered the arguments presented by Rowland to the Georgia court. (Doc. No. 13). Those arguments mirror the arguments now presented by Rowland in his motion to reconsider. Accordingly, the Court carefully and thoroughly considered Rowland's privacy concerns both before ordering further forensic evaluation of his computer and before compelling Rowland to release a copy of the image of his computer.

Finally, the Court rejects Rowland's contention that the discovery rules do not allow Plaintiff to examine a copy of the image of Rowland's computers. As one court stated, "[w]hile mirror-imaging poses serious privacy concerns, where the computer itself is at the heart of the litigation . . . , it is plainly relevant under Fed. R. Civ. P. 26(b)." Capitol Records, Inc. v. Alaujan, No. 03CV11661-NG, 2009 WL 1292977, at *1 (D. Mass. May 6, 2009). In that case, the court concluded that the computer owner's privacy concerns could be adequately addressed through a protective order, even allowing the plaintiff to "select a computer forensic expert of their choosing." Id. at *2. Here, the Court required the parties to treat the image of Rowland's computer as "Attorney's Eyes Only" under the stipulated protective order entered in this action, limited examination of the computer to "information relating to [LDA] files that Rowland saved on the SD Card and had in his possession after he left LDA," and ordered the forensic examiners to destroy all images or excerpted data upon completion of the examination. Legacy Data Access,

LLC v. Mediquant, Inc., Case No. 3:15-cv-584-FDW-DSC, Doc. No. 79. The fact that the protective order in this case is not identical to the one in Alajuan does not, as Rowland would have this Court believe, render it inadequate or grant Plaintiff an unrestricted right to view Rowland's computers. Accordingly, upon reconsideration of Rowland's arguments, the Court concludes that Rowland's privacy interests are adequately protected so as to preserve confidential and privileged information from disclosure, while at the same time balancing Plaintiff's right to examine a computer that is at the heart of this litigation.

IT IS, THEREFORE, ORDERED that Rowland's Amended Motion to Reconsider (Doc. No. 20) is GRANTED. Upon reconsideration, the Court once again COMPELS Rowland to release a copy of the neutral examiner's forensic image of his computer to Plaintiff and Defendant **by the end of the day today, May 22, 2017**. Should Rowland fail to comply with this Order, the neutral examiner, Greg Freemyer, is nevertheless ORDERED to produce copies of the images of Rowland's computers to Plaintiff and Defendant **by the end of the day today, May 22, 2017**.

IT IS FURTHER ORDERED that counsel for Plaintiff shall electronically serve this Order on all counsel of record, including Rowland's counsel, and shall also electronically serve this Order on Greg Freemyer.

IT IS FURTHER ORDERED that, consistent with Rule 45(f), Rowland's Georgia counsel may file papers and appear in this case without associating local counsel or seeking pro hac vice admission.

The Clerk's Office is respectfully directed to file a copy of this Order in the related case in the Western District of North Carolina: Legacy Data Access, LLC v. Mediquant, Inc., Case No. 3:15-cv-584-FDW-DSC.

ORDERED.

Signed: May 22, 2017

Frank D. Whitney